# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-10728
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Steven Aguilar,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-195-5

———————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Anthony Steven Aguilar, federal prisoner # 33985-177, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Aguilar contends that the district court abused its discretion in finding that the following did not constitute extraordinary and compelling reasons warranting relief: (1) his current prison and health

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conditions expose Aguilar to a greater risk of contracting COVID-19; (2) he has served 18 years of an "unusually long sentence" as set forth in U.S.S.G. § 1B1.13(b)(6), p.s.; (3) methamphetamine drug purity does not correlate to culpability; (4) the disparate harsh treatment of defendants whose crimes involve "actual/pure methamphetamine or ice" versus those whose crimes involve only a "methamphetamine mixture;" (5) his eligibility for relief under Amendment 821 to the Sentencing Guidelines was precluded by the "baseless" firearm and role enhancements to his sentence; and (6) his post-sentencing rehabilitation. Aguilar further contends that a balancing of the 18 U.S.C. § 3553(a) factors warranted compassionate release.

In addition to denying Aguilar's motion based on his failure to demonstrate extraordinary and compelling reasons, the district court also denied relief on the basis that a weighing of the § 3553(a) factors did not warrant relief. Aguilar's contention that the danger he poses to society is diminished given his lengthy sentence, post-sentencing rehabilitation, remorse, and declining health conditions amounts to a mere disagreement with the district court's balancing of the § 3553(a) factors, which is not sufficient to warrant reversal. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Accordingly, the order of the district court is AFFIRMED. *See Chambliss*, 948 F.3d at 693-94; *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).